UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LEONARD NYAMUSEVYA,**

    **Plaintiff,**

  v.

**CHIEF BANKRUPTCY JUDGE
JOHN E. HOFFMAN,** *et al.*

    **Defendants.**

Case No. 2:22-cv-02228
JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

**ORDER**

This matter arises on Plaintiff Leonard Nyamusevya's Expedited & Emergency Motion for an Emergency Preliminary or Permanent Injunction Order (the "Emergency Motion"). (ECF No. 4.)  For the reasons stated herein, Plaintiff's Motion is **DENIED**, (*id.*), and Plaintiff is **ORDERED** to **SHOW CAUSE** why his complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) within **FOURTEEN (14) DAYS** of this Order.

**I.**

Plaintiff's Motion comes as "the latest chapter in his ongoing challenge to a nearly four-year-old foreclosure judgment (the 'Judgement') entered by the Franklin County Court of Common Pleas in a case commenced over twelve years ago." *In re Nyamusevya*, No. 19-52868, slip op. at 2 (Bankr. S.D. Ohio May 31, 2022). The lengthy procedural background of this case, aptly surmised by the Bankruptcy Appellate Panel of the United States Court of Appeals for the Sixth Circuit (the "B.A.P." or the "Panel"), is as follows:

> More than ten years ago, CitiMortgage, Inc., started foreclosure proceedings in the Franklin County, Ohio, Court of Common Pleas against the Debtor's residence at 2064 Worcester Court, Columbus, Ohio ("the Property"). The Debtor vigorously defended against the proceedings, but on May 20, 2014, the Court of Common Pleas entered a Judgment Entry and Decree in Foreclosure. After the Debtor

1

>appealed from the foreclosure judgment, the appellate court affirmed in part and reversed in part, and remanded the matter to determine the amount due on the loan. After the remand, the Court of Common Pleas entered a directed verdict in November 2018 granting CitiMortgage judgment in its favor in the amount of $98,452.56 plus interest. On the Debtor's further appeal, the appellate court issued a stay of the foreclosure sale but conditioned that stay upon the Debtor's timely posting of a supersedeas bond. The Debtor did not timely post the bond, but instead filed a voluntary chapter 13 petition on May 1, 2019, before converting his case to a liquidation proceeding under chapter 7.
>
>At every stage of his bankruptcy proceeding, and contrary to the conclusions of the Ohio courts, the Debtor has argued that CitiMortgage is wholly unsecured and that its mortgage is void. In the bankruptcy court he filed many unsuccessful motions and three adversary proceedings all with the aim of negating CitiMortgage's claim and mortgage. CitiMortgage filed motions to dismiss each of the adversary proceedings based on the *Rooker-Feldman* doctrine and *res judicata* as the issues had previously been decided in the prebankruptcy foreclosure proceedings. Those motions are still pending in the bankruptcy court . . .

*Nyamusevya v. CitiMortgage, Inc. ("Nyamusevya II")*, 2021 WL 193965, at *1-2 (B.A.P. 6th Cir. Jan. 20, 2021), *aff'd In re Leonard Nyamusevya, Sr.*, No. 21-3089 (6th Cir. Dec. 14, 2021).

**A. Plaintiff's Property is "Abandoned"**

>In September 2019, CitiMortgage formally asked the Trustee to abandon the Property, which, after an objection period under the bankruptcy court's local rules, prompted the Trustee to file a notice of abandonment. The Trustee's notice declares that the Property offered no benefit to unsecured creditors and was of inconsequential value to the estate. (*In re Nyamusevya*, Bankr. Case No. 2:19-bk-52868 ECF No. 111.) The Debtor did not object to the abandonment, evidently believing that it would somehow strip CitiMortgage of its rights, instead of revesting the Property in the Debtor, subject to CitiMortgage's pre-bankruptcy mortgage.
>
>CitiMortgage moved for relief from the automatic stay under 11 U.S.C. § 362(d) in the fall of 2019 in a bid to resume the foreclosure, and the Debtor opposed the motion. While the motion remained pending, but before conducting a hearing, the bankruptcy court entered a discharge order under § 727, which Rule 4004(c)(1) obliged it to do "forthwith" upon the satisfaction of several conditions not at issue in this appeal.
>
>On November 26, 2019, the bankruptcy court entered a "clean-up" order addressing the lender's stay relief motion and the Debtor's several outstanding motions. Recognizing that the Property had been abandoned by the Trustee and that the

2

> Debtor had received a discharge, the bankruptcy court determined that CitiMortgage's motion for relief from stay was moot. This decision had the effect of confirming that the automatic stay no longer shielded the Property from the lender's foreclosure efforts – a result obviously at odds with the Debtor's efforts to retain his home. The bankruptcy court also denied the Debtor's motions to void CitiMortgage's liens on the Property and to quiet title, similarly disappointing the Debtor. The court also overruled the Debtor's objection to CitiMortgage's proof of claim. In response to these adverse rulings, the Debtor moved for reconsideration, then filed a notice of appeal (together with a motion for stay pending appeal).
>
> The bankruptcy court denied the Debtor's motion for reconsideration and the Debtor's motion for stay pending appeal, prompting him to amend his notice of appeal to seek review of the order denying the motion for reconsideration and the stay pending appeal.
>
> Before [the B.A.P.], the Debtor continued to engage in motion practice, filing motions for stay pending appeal, which the Panel denied. The Debtor appealed the Panel's decision denying a stay pending appeal to the Sixth Circuit Court of Appeals, which dismissed the appeal for lack of jurisdiction.

*Nyamusevya II*, 2021 WL 193965, at *2.

**B. CitiMortgage Reactivates Foreclosure Proceedings in State Court**

In June 2020, Plaintiff brought another appeal to the B.A.P., this time challenging the bankruptcy court's finding that the Trustee had property "abandoned" the Property, as well as the validity of CitiMortgage's mortgage lien. *Id.* at *3, 6-7. Plaintiff's arguments were uniformly rejected. *Id.* And in affirming the bankruptcy court, the B.A.P. upheld the bankruptcy court's determination that the Property's "abandonment" brought it outside of Plaintiff's estate, thereby causing the automatic stay on its foreclosure to expire. *Id.* *6-7. This meant CitiMortgage could "proceed against the Property in state court." *Id.*

In April 2022, CitiMortgage re-opened foreclosure proceedings against the Property in the Franklin County Court of Common Pleas. *See* Pluries Praecipe for Order of Sale, *CitiMortgage, Inc. v. Nyamusevya*, Franklin C.P. No. 10 CV 013480 (Apr. 14, 2022). Ultimately, a foreclosure auction was scheduled for June 10, 2022.

On May 2, 2022, Plaintiff brought an emergency motion in the bankruptcy court "seeking a permanent injunction" that blocked CitiMortgage's foreclosure efforts and granted Plaintiff "a marketable clean title" to the Property. *See* Debtor's Emergency Motion for Contempt Violation of Discharge Order Against CitiMortgage, Inc., *In re Nyamusevya,* Case No. 2:19-bk-52868, ECF No. 247. One week later, on May 7, 2022, Plaintiff filed another motion asking the bankruptcy court to void the Franklin County Court of Common Pleas' 2018 foreclosure judgment. *See* Debtor's Expedited Motion to Enforce 11 U.S.C. § 524 to Void Pre-Petition *In Personam* and *In Rem* State Court Foreclosure Judgment, Case No. 2:19-bk-52868, ECF No. 252.

On May 31, 2022, the bankruptcy court denied both of Plaintiff's emergency motions. In so doing, it again held—as the B.A.P. did—that its discharge of the Plaintiff's debt in 2019 "eliminated his personal liability for the mortgage debt," but kept the mortgage lien on the Property itself intact. *Nyamusevya*, slip op. 3. It then held, in no uncertain terms, that "(1) by proceeding with the foreclosure sale CitiMortgage will not violate the Debtor's discharge injunction; and (2) the Debtor may not relitigate in this Court issues already decided by the State Court." *Id.* at 5.

That same day, Plaintiff filed the instant motion in this Court.

## II.

As before, Plaintiff argues that the bankruptcy court's 2019 discharge of his personal debt "voided" the 2018 foreclosure judgment rendered by the Franklin County Court of Common Pleas, and likewise asserts numerous challenges to the validity of CitiMortgage's mortgage lien.[1] (*Id.*) On these grounds, Plaintiff's Emergency Motion—which, given its immediacy,[2] the Court

---

[1] Plaintiff, for instance, reiterates throughout his complaint and emergency motion, for instance, that he has "wholly satisfied and paid off entirely" CitiMortgage's lien, and that Citimortgage failed to attach or perfect "any mortgage lien or encumbrance against [the] Property," as required under Ohio law. (ECF Nos. 1, 4.)

[2] None of the defendants named in Plaintiff's complaint have even made an appearance in this case. Thus, it is unclear whether they are aware of these proceedings at all.

4

construes as a motion for a temporary restraining order ("TRO")—asks this Court to do what the bankruptcy court would not: block the Property's impending public sale.

In determining whether to grant a TRO, courts consider the same factors as they do for a preliminary injunction motion. *Hartman v. Acton*, ---F. Supp. 3d.---, 2020 WL 1932896, *1 (S.D. Ohio Apr. 21, 2020). Those factors include: (1) whether the movant is likely to succeed on the merits; (2) whether the movant's requested relief is necessary to prevent irreparable injury; (3) whether the balance of equities tips in the movant's favor; and (4) whether a preliminary injunction would not be averse to the public interest. *See id.*

This Court need not look past the first factor to resolve the matter.[3] As the bankruptcy court explained to Plaintiff no less than a few days ago, his initial argument—that his bankruptcy discharge "voided" the foreclosure judgment now being enforced by the Franklin County Sherriff—is simply incorrect. CitiMortgage's mortgage lien "survive[d]" Plaintiff's "bankruptcy and *was not extinguished by the [Property's] abandonment or [Plaintiff's] discharge.*" *Nyamusevya*, slip op. 4 (quoting *In re Leonard Nymusevya, Sr.*, No. 21-3089 at 4-5 (6th Cir. Dec. 14, 2021) (emphasis added)). And Plaintiff's new "attempt to relitigate" the enforceability of CitiMortgage's lien fares no better. *Id.* Again, a state court has already confronted that issue and decided otherwise. Neither this Court nor the bankruptcy court constitute forums to appeal such a judgment. *See id.; Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. App'x 487, 490 (6th Cir. 2005).

---

[3] The Court notes that, "[i]n most cases, [it] will not hear or rule on any motion for a temporary restraining order or a preliminary injunction until after the Court holds an informal preliminary conference with all parties to determine what additional proceedings are necessary." S.D. Ohio Loc. R. 65.1. Given that Plaintiff's arguments—as articulated by the bankruptcy court, the B.A.P., and the Sixth Circuit—clearly fail as a matter of law, the Court sees no reason to conduct any additional proceedings.

For these reasons, the Court **DENIES** Plaintiff's Emergency Motion. (ECF No. 4.) Likewise, it **ORDERS** Plaintiff to **SHOW CAUSE** within **FOURTEEN (14) DAYS** of the date of this Order why his complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (noting that "[g]enerally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint," but "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) . . . when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

This case shall remain open.

**IT IS SO ORDERED.**

**6/6/2022**                         **s/Edmund A. Sargus, Jr.**
**DATE**                             **EDMUND A. SARGUS, JR.**
                                     **UNITED STATES DISTRICT JUDGE**