UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEONARD NYAMUSEVYA,

      Plaintiff,

      v.

CHIEF BANKRUPTCY JUDGE
JOHN E. HOFFMAN, *et al.*

      Defendants.

Case No. 2:22-cv-02228
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth Preston Deavers

<u>**OPINION AND ORDER**</u>

This matter arises on Defendant First American Financial Title Insurance Company's Motion to Dismiss (ECF No. 28), Defendant Citimortgage Inc.'s Motion to Dismiss (ECF No. 29), Defendant Franklin County Sheriff's Department, et al.'s Motion to Dismiss (ECF No. 30), Defendant Franklin County Court of Common Pleas' Motion to Dismiss for Failure to State a Claim (ECF No. 31), Defendant Padgett Law Group's Motion to Dismiss (ECF No. 38), and Defendant United States Of America's Motion to Dismiss for Lack of Jurisdiction (ECF No. 43).

Also considered are Plaintiff's motions to Show Cause (ECF No. 9), to Decline Eviction from Paid Off Entirely Real Property (ECF No. 23), for Clarification to Substantiate CitiMortgage, Inc.'s Foreclosure Judgment was Not In Rem Foreclosure Judgment With a Mention In Rem of Face, (ECF No. 24), for Clarification to Substantiate Citimortgage, Inc.'s Foreclosure Complaint was Not In Rem Foreclosure Complaint With a Mention In Rem of Face (ECF No. 25), to Permanently Block Frivolous and Unsupported Citimortgage. Inc.'s Allegations (ECF No. 26), for Objection to Citimortagage, Inc.'s 7/14/2022 Motion to Stay (ECF No. 33), for Objection to Citimortagage, Inc.'s 7/14/2022 Motion to Dismiss Second Amended Petition

(ECF No. 34), for Objection to Franklin County Ohio Court of Common Pleas 07-14-22 Motion

to Dismiss Complaint (ECF No. 37), to Stay the Lower State Trial Court's Proceedings Pending

Disposition for this Case (ECF No. 41), Emergency and Unopposed Motion to Hold the Lower

State Trial Court's Orders and Proceedings Void AB Initio Under 524 and Request for Fresh

Start Under Rule 1001 (ECF No. 44), for Objection to and to Strike Citimortgage, Inc.'s

Memorandum in Opposition to Emergency Motion to Stay the Lower State Trial Court's

Proceedings (ECF No. 46).  For the reasons stated below, all Defendants' motions to dismiss are

**GRANTED**.  All other motions are **DISMISSED** as **MOOT**.  This action is **DISMISSED**.

### A. Background

The factual and procedural background of this case, up to June 6, 2022, is set forth in the

Court's order released that day.  (ECF No. 8).

In its June 6 Order, this Court ordered Plaintiff to show cause within fourteen days why his

complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).  (ECF

No. 8).  In response, Plaintiff filed his June 17, 2022 "Motion to Show Cause."  (ECF No. 9).

Included with this motion was his "Second Amended Complaint."  (ECF No. 9, Exhibit 1).  In

this newly revised complaint, Plaintiff sought relief from a number of Defendants.  The clearly

identified defendants are "The Respondent-Defendant Bankruptcy Court[1]," "The Respondent-

Defendant Citimortgage, Inc.," "The Respondent-Defendant Franklin County Ohio Court of

Common Pleas," "The Respondent-Defendant United States of America (IRS): Internal Revenue

Service."  (ECF No. 9, Exhibit 1).  Plaintiff's second amended complaint omits three defendants

---

[1] Plaintiff appears to sue both the Bankruptcy Court itself, and Chief Judge John Hoffman in his individual capacity. (ECF No. 9, Page 3).

that his previous complaint had listed.[2]  These defendants are First American Financial Title Insurance Company, the Padgett Law Group, and Franklin County Sheriff's Department, et al. For reasons explained below, the Court views this decision as a voluntary dismissal of these defendants.

In his new amended complaint, Plaintiff demanded several different types of relief, ranging from monetary awards to transfers of jurisdiction.  From CitiMortgage, Nyamusevya asked for not "less than $250,000.00," as well as the transfer of CitiMortgage's action against him, Bankruptcy Case No. 2:19-bk- 52868, from the United States Bankruptcy Court for the Southern District of Ohio to this Court.  (ECF No. 9, Exhibit 1, Page 3).  Plaintiff also states that the IRS is liable for and must pay "1,000,000.00 plus other allowed reliefs." (*Id*., at 4).  Plaintiff's complaint does not clearly specify what he demands from the Franklin County Ohio Court of Common Pleas and the United States Bankruptcy Court for the Southern District of Ohio. However, as best as this Court can discern, it appears that Nyamusevya is asking the Court to reconsider decisions made by the courts (*Id*., at 3-4), as well as to transfer his bankruptcy case, No. 2:19-bk- 52868, from Bankruptcy Court to this Court for adjudication (*Id*., at 3).

Since filing his motion to show cause, Plaintiff has proceeded to submit a deluge of other motions.  These include motions "to Decline Eviction from Paid Off Entirely Real Property" (ECF No. 23), "for Clarification to Substantiate CitiMortgage, Inc.'s Foreclosure Judgment was Not In Rem Foreclosure Judgment With a Mention In Rem of Face" (ECF No. 24), "for Clarification to Substantiate Citimortgage, Inc.'s Foreclosure Complaint was Not In Rem Foreclosure Complaint With a Mention In Rem of Face" (ECF No. 25), "to Permanently Block

---

[2] Plaintiff omits these Defendants from the case caption and the list of parties.  However, Nyamusevya's complaint does not it clear that he intended to dismiss these Defendants.

Frivolous and Unsupported Citimortgage. Inc.'s Allegations" (ECF No. 26), "Emergency and Unopposed Motion to Hold the Lower State Trial Court's Orders and Proceedings Void AB Initio Under 524 and Request for Fresh Start Under Rule 1001[3]" (ECF No. 44), and "for Objection to and to Strike Citimortgage, Inc.'s Memorandum in Opposition to Emergency Motion to Stay the Lower State Trial Court's Proceedings" (ECF No. 46).

Defendants in this case have also filed motions. Each named Defendant filed their own motion to dismiss. (ECF Nos. 28, 29, 30, 31, 38, 43)[4]. Plaintiff responded to only CitiMortgage, Franklin County Court of Common Pleas, and the United States Of America's motions to dismiss. (ECF Nos. 34, 37, 47). Following Plaintiff's response, CitiMortgage and the United States of America replied. (ECF Nos. 35, 50). Additionally, Defendant CitiMortgage filed a "Motion to Declare Nyamusevya as a Vexatious Litigator." (ECF No. 39).

### B. Standard

Federal Rule of Civil Procedure 12 authorizes dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To meet this standard, the complaint must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In considering a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Nonetheless, the Court must read Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8(a), requiring a short and plain statement of the claim showing that the plaintiff is entitled to relief. *Ogle v. BAC Home Loans Servicing*

---

[3] Although Plaintiff titles this motion as "unopposed," he does not provide details as to the consent of the other parties. Further, Defendant CitiMortgage told this Court "Nyamusevya did not seek consent from CitiMortgage to file the motion." (ECF No. 45, Page 1)

[4] Defendants IRS and the U.S. Bankruptcy Court for the Northern District of Ohio filed a combined motion to dismiss as "United States of America" (ECF No. 43)

*LP*, 924 F. Supp. 2d 902, 907 (S.D. Ohio 2013). Thus, the pleading's factual allegations, assumed to be true, must do more than create mere speculation or suspicion of a legally cognizable claim; they must show entitlement to relief. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Further, "the tenet that courts must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 662. As such, while a plaintiff is not required to set forth detailed factual allegations at the pleading stage, a complaint must contain a basis upon which relief can be granted; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *See id*. at 679; Fed. R. Civ. P. 8(a).

Moreover, courts are called to "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, such "lenient treatment has limits" and courts "should not have to guess at the nature of the claim asserted . . . ." *Id*. at 977 (internal quotations omitted).

*Lloyd v. Pokorny*, No. 2:20-cv-2928, 2020 U.S. Dist. LEXIS 162998 (S.D. Ohio Sep. 8, 2020)

## C. Analysis

As a threshold matter, Defendant First American Financial Title Insurance Company's Motion to Dismiss (ECF No. 28), Defendant Franklin County Sheriff's Department, et al.'s Motion to Dismiss (ECF No. 30), and Defendant Padgett Law Group's Motion to Dismiss (ECF No. 38) are **GRANTED**. In his July 11, 2022 notice to the Court, Plaintiff stated specifically "that Padgett Law Group and First American Financial Title Insurance Company and the Franklin County Ohio Sheriff Dallas Baldwin are not cited as Respondents-Defendants in this instant case at bar." (ECF No. 27, Page 3). Further, as of January 27, 2023, Plaintiff has not responded to these motions. Given the lack of dispute over the status of these parties, the Court reads Plaintiff's notice as a voluntary dismissal of the three Defendants. Defendants' motions to dismiss are **GRANTED**. (ECF Nos. 28, 30, 38).

### a.  Judicial Notice

This Court takes judicial notice of all public records related to Plaintiff's previous litigation set forth within the Court's June 6 order.  The Court does not take judicial notice of these records to establish the truth of the facts within, but rather for the existence of the opinions themselves.

Courts are usually barred from taking judicial notice of facts when considering motions to dismiss under Fed. R. Civ. P. 12(b).  "The district court, in reviewing a motion to dismiss, may not consider matters beyond the complaint."  *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (citing 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 2000)).  However, "on a motion to dismiss, we may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Winget v. JP Morgan Chase Bank*, N.A., 537 F.3d 565, 576 (6th Cir. 2008).  Further, "a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010).  Additionally, both Plaintiff and Defendant have asked this Court to take judicial notice of certain opinions.  (ECF No. 29, Page 9), (ECF No. 33, Pages 3, 4, 8, 15, 17, 21, 22, 24).  Given the settled precedent and the parties' requests, this Court takes judicial notice of all public records related to Plaintiff's previous litigation set forth within the Court's June 6 order.  (ECF No. 8).

### b.  Franklin County Court of Common Pleas' Motion to Dismiss for Failure to State a Claim

Defendants Franklin County Court of Common Pleas and Judge Daniel Hawkins[5]

maintain that the claims against them must be dismissed. Defendants give four independent

reasons for why dismissal of Plaintiff's claims is warranted. "(1) the Franklin County Court of

Common Pleas is not *sui juris* and not an entity capable of being sued; (2) the *Rooker Feldman*

doctrine precludes this Court from exercising jurisdiction over any state court decisions; (3)

judicial immunity bars Plaintiff's claims for monetary and injunctive relief; (4) the Complaint is

insufficient and fails to state a claim for which relief may be granted." (ECF No. 31, Page 6).

Plaintiff argues that dismissal is unwarranted, stating that "the imminent risk of death or loss of

the Petitioner-Plaintiff s life outweighs the Franklin County Ohio Court of Common Pleas:

Honorable Judge Daniel R. Hawkins' July 14, 2022, Motion to Dismiss Complaint." (ECF No.

37, Page 3). The Court concurs with Defendants.

Defendants first argument in favor of dismissal is that "the Franklin County Court of

Common Pleas is not *sui juris* and not an entity capable of being sued." (ECF No. 31, Page 6).

They rightly note, a state court's "[c]apacity to sue or be sued is determined" "by the law of the

state where the [federal] court is located." Fed. R. Civ. Pro. 17(b)(3). This Court sits in the state

of Ohio. And as Defendants point out, the Supreme Court of Ohio has held "'[a]bsent express

statutory authority, a court can neither sue nor be sued in its own right.'" *Malone v. Ct. of Com.*

*Pl. of Cuyahoga Cnty*., 248 N.E.2d 126, 128 (1976) citing *State ex rel. Cleveland Mun. Court v.*

*Cleveland City Council*, 296 N.E.2d 544, 546 (1973). Plaintiff has cited no statutory authority

authorizing a suit against the Franklin County Court of common Pleas. Nor does Plaintiff's

---

[5] As Defendants point out, "Plaintiff's Amended Complaint is not clear as to whether he is naming the Franklin County Court of Common Pleas and Judge Daniel Hawkins." (ECF No. 31, Page 6). Like Defendants, the Court interprets Plaintiff's complaint to have named both The Franklin County Court of Common Pleas and Judge Daniel Hawkins.

Response[6] address Defendants *sui juris* argument. Given the state of the law, the caselaw, and Plaintiff's inability to show his claim's viability, the Court must dismiss Plaintiff's claim against the Franklin County Court of Common Pleas. Plaintiff's allegation is simply not plausible.

Even if Plaintiff's claim against the Franklin County Court survived Defendants' *sui juris* argument, this Court would still be required to dismiss Plaintiff's claim under the *Rooker-Feldman* doctrine. That doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It prevents "a federal district court from exercising jurisdiction over a claim alleging error in a state court decision. Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court [actors] acted unconstitutionally." *Luber v. Sprague*, 90 Fed. Appx. 908, 910 (6th Cir. 2004) (internal citation omitted). Defendant Franklin County Court of Common Pleas contends Plaintiff's claim is exactly the type that the *Rooker-Feldman* doctrine is intended to bar. "Plaintiff is requesting a review of an Ohio state court's decision by a federal court which lacks jurisdiction to review his claim." (ECF No. 31, Page 8).

Plaintiff argues that his claim falls into an exception to the *Rooker-Feldman* doctrine. Nyamusevya states "the Petitioner-Plaintiff did not attack the pre-petition Citimortgage, Inc. 's November 15, 2018, Foreclosure Judgment; hence, the *Rooker-Feldman* doctrine is not applicable in this instant case." (ECF No. 37, Page 19). He further contends "Petitioner-Plaintiff

---

[6] Plaintiff did not technically respond to Defendants' motion to dismiss. Instead, Plaintiff filed a motion to object to Defendants' motion. The Court will treat Plaintiff's filing titled "MOTION for Objection to Franklin County Ohio Court of Common Pleas 07-14-22 Motion to Dismiss Complaint" (ECF No. 37) as Plaintiff's Response.

did not re-litigate the pre-petition Citimortgage, Inc. 's November 15, 2018, Foreclosure

Judgment.  The Petitioner-Plaintiff invoked and vehemently enforced 11 U. S. C. § 524 and the

Fed. R. Bankr. P. 3001(c)(2)(D)(i) and Rule 9011." (*Id.*).

The Court agrees with Defendants.  Nyamusevya's claim resembles that of the plaintiff in

*Luber v. Sprague*.  There, plaintiff Luber argued the presiding judge in his case "relied on false

evidence and prevented Luber from presenting evidence on his behalf," among other errors.

*Luber v. Sprague*, 90 Fed. Appx. 908, 909 (6th Cir. 2004).  Such a claim of misconduct is similar

to that presented in Nyamusevya's complaint.  Nyamusevya complained that the judge in his

case "abetted to unlawfully vacate and disregard the November 21, 2019, Bankruptcy Court's

Injunction Order of Discharge," among other issues.  (ECF No. 2, Page 4).  At the core of his

claim, Plaintiff is challenging the resolution of a state court decision by alleging misconduct.

The relief he seeks can only be granted by voiding a decision of the Franklin County Court of

Common Pleas.  Such a decision is exactly what the *Rooker-Feldman* doctrine is meant to

prevent.

Plaintiff's challenge is also similar to that of the plaintiff in *Lloyd v. Pokorny*.  There,

plaintiff Llyod "summarily assert[ed] that this doctrine does not apply" but proceeded to

"challenge specific aspects of the state court proceeding."  *Lloyd v. Pokorny*, No. 22-3321 (6th

Cir. Jan. 23, 2023) (quoting *Luber v. Sprague*, 90 Fed. Appx. 908, 909 (6th Cir. 2004).  Like the

district and circuit courts in Llyod, this Court finds it "'impossible to void the state court

judgment without disturbing it'" and that Nyamusevya is "directly attacking the state court

judgment." *Lloyd v. Pokorny*, No. 22-3321 (6th Cir. Jan. 23, 2023).  Given this legal

impediment, Nyamusevya's claim against the Franklin County Court of Common Pleas is not

plausible and is therefore subject to dismissal.

9

Defendants also maintain that Plaintiff's claim against Judge Daniel Hawkins in his individual capacity fails as well, as Judge Hawkins is entitled to "judicial immunity from civil liability." (ECF No. 31, Page 8). The Sixth Circuit recently summarized this specific immunity doctrine in the case of *Smith v. Manley, Deas, & Kochalski, LLC*. They stated, as follows:

> "It is well-established that judges 'enjoy judicial immunity from suits arising out of the performance of their judicial functions.' *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (quoting *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)). Judicial acts encompass 'function[s] normally performed by the judge,' particularly when the judge is interacting with the parties 'in his judicial capacity.' *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). This immunity applies, too, in cases involving civil rights violations pursuant to 42 U.S.C. § 1983. *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)); *see Stump*, 435 U.S. at 356-57. Judges are entitled to absolute immunity even where they have acted improperly, *see, e.g.*, *Cooper*, 203 F.3d at 945 (6th Cir. 2000), but this protection is not without any limits altogether; it gives way when a judge acts even though he 'knows he lacks jurisdiction, or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction.' *Schorle v. City of Greenhills*, 524 F. Supp. 821, 828 (S.D. Ohio 1981) (internal citations omitted).

*Smith v. Manley, Deas, & Kochalski, LLC*, No. 2:21-cv-00931, 2022 U.S. Dist. LEXIS 180352 (S.D. Ohio Sep. 30, 2022)

There is no dispute that Judge Daniel Hawkins was in fact working as a judge at the time he made his allegedly erroneous ruling. As such, he is entitled to judicial immunity, with two exceptions. "'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Bright v. Gallia Cty.*, 753 F.3d 639, 649 (6th Cir. 2014) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). The Court will take each exception in turn.

The Sixth Circuit has defined a judicial act as "a function normally performed by judges" taken while the judge is acting in his "official capacity." *King v. Love*, 766 F.2d 962, 965 (6th

Cir. 1985).  Plaintiff does not allege that Judge Hawkins was acting outside his official capacity, or that his ruling was a function not normally performed by a judge.  Instead, Plaintiff argues that Judge Hawkins acted "unlawfully and unconstitutionally and corruptly and fraudulently" in granting the opposing party's motion to dismiss.  (ECF No. 37, Page 23).  As Defendants have neatly stated "Plaintiff is challenging the way Judge Hawkins presided over the underlying foreclosure case, thus, he is challenging Judge Hawkins' judicial acts."  (ECF No. 31, Page 1).  Given that Judge Hawkins ruling fell squarely within the Sixth Circuit's definition of a judicial act, and that Plaintiff has implicitly challenged the judge's judicial acts, it is clear that Judge Daniel Hawkins' actions were indisputably judicial.

The Sixth Circuit has stated that judges performing judicial acts are immune from liability, unless they acted in "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978).  Furthermore, a judge remains immune even if she/he acted in the absence of jurisdiction, provided he/she did so unknowingly.  A judge is not immune for his/her judicial acts, unless he/she "knows he lacks jurisdiction, or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction[.]" *Schorle v. Greenhills*, 524 F. Supp. 821, 828 (S.D. Ohio 1981).

Defendants argue that Judge Hawkins did have jurisdiction over Nyamusevya's bankruptcy petition.  As evidence, Defendants point to Section 2305.01 of the Ohio Revised Code.  That section gives Ohio's courts of common pleas, the type of court over which Judge Hawkins presided, broad jurisdiction.  "[T]he court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts."  Ohio Rev. Code § 2305.01.  There is no debate among the parties that the value of Nyamusevya's home far and away exceeded that of the exclusive original jurisdiction of the

county courts. Further, the Ohio Supreme Court has previously clarified the breadth of jurisdiction in foreclosure cases. The Court held that "actions in foreclosure are within the subject-matter jurisdiction of a court of common pleas." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040.

Plaintiff takes issue with Defendants' presentation of law. He maintains "Judge Daniel R. Hawkins patently and unambiguously lacks the jurisdiction and the judicial power and the judicial discretion to extinguish or to vacate the Petitioner-Plaintiffs November 21, 2019, Bankruptcy Court's Injunction Order of Discharge." (ECF No. 37, Page 23). However, while Plaintiff repeatedly states Judge Hawkins did not have jurisdiction to rule on his foreclosure action, he does not truly argue this point. He cites no statute or caselaw that could support an argument for the common pleas court's lack of jurisdiction over a foreclosure action. Instead, Plaintiff argues Judge Hawkins acted without jurisdiction "by enforcing the void ab initio under 1 1 U. S.C. § 524(a)(l) Citimortgage, Inc. 's November 15, 2018, Foreclosure Judgment." (ECF No. 37, Page 27).

Even assuming Plaintiff is correct that Citimortgage Inc.'s November 15, 2018 Foreclosure Judgement was fraudulent, Plaintiff's claim would still fail. Judicial immunity is extremely broad. "Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Depiero v. City of Macedonia*, 180 F.3d 770, 785 (6th Cir. 1999) (citing *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985)). Here, Ohio Rev. Code § 2305.01 and the Ohio Supreme Court have given courts of common pleas jurisdiction over foreclosure actions. Additionally, although Plaintiff claims the judgement was "*void ab initio*," the legal effect of this judgment does not implicate the judge's subject matter jurisdiction. Given the statute, caselaw, and previous judgment, Judge Hawkins had jurisdiction.

Nyamusevya's suit against Judge Hawkins is remarkably similar to a recent case in this district.  There, in similar circumstances, a state common pleas court judge was sued over his decision in a foreclosure action.  The district court granted the judge immunity.  He succinctly wrote:

> "In the present case, Judge Ruehlman's actions qualify him for judicial immunity. He is a judge of the Court of Common Pleas for Hamilton County. In the state of Ohio, common pleas courts have "subject-matter jurisdiction over actions in foreclosure." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, ¶ 20, 2014-Ohio-4275, 21 N.E.3d 1040, 1046 (Ohio 2014); see also Ohio Rev. Code § 2305.01. And within that court, the Smiths' case was properly assigned to Judge Ruehlman. See ECF No. 34-1 (foreclosure docket). As the Smiths own property and had a mortgage on that property in Hamilton County, the Court of Common Pleas for Hamilton County — and specifically, Judge Ruehlman — properly had jurisdiction over the foreclosure proceeding. Finally, Judge Ruehlman's actions are certainly "judicial acts"; after all, presiding over and rendering judgment in a foreclosure proceeding falls squarely within the realm of "function[s] normally performed by a judge." *Stump*, 435 U.S. at 362. In short, Judge Ruehlman is entitled to judicial immunity against all claims by Plaintiffs seeking monetary damages."

*Smith v. Manley, Deas, & Kochalski, LLC*, No. 2:21-cv-00931, 2022 U.S. Dist. LEXIS 180352 (S.D. Ohio Sep. 30, 2022)

Like Judge Ruehlman, Judge Hawkins in entitled to immunity.  Plaintiff's claim against Judge Hawkins in his individual capacity is not plausible, and therefore it is dismissed.

Finally, Defendants contend Plaintiff's complaint should be dismissed because "the Complaint is insufficient and fails to state a claim for which relief may be granted."  (ECF No. 31, Page 6).  However, this Court has already ruled that Plaintiff's claims against both the Franklin County Court of Common Pleas and Judge Hawkins in his individual capacity are implausible and must be dismissed.  As such, the Court has no need to decide this last point.  The Court **GRANTS** Defendants' motion to dismiss.  (ECF No. 31).

### c.  Citimortgage Inc.'s Motion to Dismiss

Defendant Citimortgage Inc. maintains that Plaintiff's claim against it must be dismissed. Defendant gives several reasons for why dismissal is warranted, including the *Rooker-Feldman* doctrine.  As mentioned above, this doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  It prevents "a federal district court from exercising jurisdiction over a claim alleging error in a state court decision. Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court [actors] acted unconstitutionally." *Luber v. Sprague*, 90 Fed. Appx. 908, 910 (6th Cir. 2004) (internal citation omitted).  Defendant argues "[b]ecause Nyamusevya effectively seeks an order vacating the judgment in the Foreclosure Action, the Acton should be dismissed based on the *Rooker-Feldman* doctrine.

Plaintiff's Response takes issue with Defendant's conclusion and characterization of his claim.  Plaintiff states "[T]his superior Court should decide in favor of the Petitioner-Plaintiff that the Petitioner-Plaintiff did not attack the pre-petition Citimortgage, Inc.'s November 15, 2018, Foreclosure Judgment; hence, the *Rooker-Feldman* doctrine is not applicable in this instant case. This superior Court should decide in favor of the Petitioner-Plaintiff that the Petitioner-Plaintiff did not re-litigate the pre-petition Citimortgage, Inc.'s November 15, 2018, Foreclosure Judgment."  (ECF No. 33, Page 15).  Plaintiff does not elaborate on this claim or provide any supportive caselaw.

Nyamusevya's argument fails as a matter of law.  His requested relief is exactly the type

the *Rooker-Feldman* doctrine was meant to prevent.  As stated in his Second Amended Complaint, "[t]he Petitioner-Plaintiff demands that this superior Court should expeditiously transfer the April 18, 2022, hearing to this Court for adjudication by this Court, to render redress to the Petitioner-Plaintiff."[7]  Although the language here is imprecise, Plaintiff seems to be asking this Court to strip the state court of jurisdiction due to its supposed errors.  If this Court granted Plaintiff's request, it would be acting as a federal district court "exercising jurisdiction over a claim alleging error in a state court decision."  *Luber v. Sprague*, 90 Fed. Appx. 908, 910 (6th Cir. 2004) (internal citation omitted).  Given the legal impediment to Plaintiff's suit, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U. S. 69, 73 (1984).  As such, Plaintiff's claim against CitiMortgage Inc. is **DISMISSED**.

### d.  United States Of America's Motion to Dismiss for Lack of Jurisdiction

Defendants "United States Federal Bankruptcy Court, Southern District of Ohio" and "United States of America Internal Revenue Service," argue for the dismissal of Plaintiff's claims against them under Rule 12(b)(1) based on sovereign immunity,[8] as well as certain other procedural issues.  (ECF No. 43).  Further, Defendants argue that the claim against Judge Hoffman should be dismissed under the theory of absolute judicial immunity.  The Court finds that Plaintiff's claims are barred by sovereign immunity and absolute judicial immunity.  As such, the Court need not reach the procedural issues in Plaintiff's suit.

Plaintiff's claims against each Defendant varies, as does his requested relief.  Nyamusevya contends that the Bankruptcy Court and Chief Judge Hoffman "divested the jurisdiction of the

---

[7] At this hearing, the Judge entered an Order of Sale.  It appears that this order is the error Plaintiff challenges.
[8] Like Defendants, the Court construes Plaintiff's amended complaint as naming the United States Federal Bankruptcy Court, the IRS, and Judge Hoffman as Defendants.

Bankruptcy Court, to block the Petitioner-Plaintiffs due process right to exercise his right to seek redress and justice and to defend under the Federal Bankruptcy Court's form acting in a white supremacy and under white-collar-crime and under-color-of-law in an unlawful and organized scheme with Citimortgage, Inc., he unlawfully disregarded the Petitioner-Plaintiff's Bankruptcy Schedules, including Official Form 108." (ECF No. 9, Exhibit 1, Page 3). For these actions, Plaintiff requests "this superior Court should expeditiously transfer the Bankruptcy Case No. 2:19-ap-02109 to this Court for adjudication by this Court." (ECF No. 9, Page 4). Nyamusevya also maintains that the IRS is "liable to the Petitioner-Plaintiff and owes him more than $1,000,000.00 plus other allowed reliefs" because the IRS "filed a false Proof of Claim in the Petitioner-Plaintiffs Bankruptcy Case." (ECF No. 9, Pages 4, 60).

As a threshold matter, Defendants' motion to dismiss the claim against Judge Hoffman is granted. Like Judge Hawkins, suits against Chief Judge Hoffman are barred by absolute judicial immunity. Chief Judge Hoffman was (and still is) a federal judge at the time he made his decision in Nyamusevya's case. Plaintiff has not alleged that Chief Judge Hoffman lacked jurisdiction or that his ruling was not a judicial act. Plaintiff has shown this Court no applicable exception to the doctrine of absolute judicial immunity. As such, Plaintiff's Complaint against Chief Judge Hoffman in his individual capacity is defective and is **DISMISSED**.

Defendants argue that Plaintiff's suit against the IRS and the Bankruptcy Court, Southern District of Ohio should also be dismissed because, among other reasons, such a suit is barred by sovereign immunity. [U]nder the doctrine of sovereign immunity, the United States is not subject to suit absent its consent." *Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999). Such consent is vital and must be clearly stated. "[A]ny waiver of the National Government's sovereign immunity must be unequivocal." *Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992).

Courts may not enlarge any waiver of liability by the National Government, a waiver must be "'construed strictly in favor of the sovereign,'" *Id*., at 615 (quoting *McMahon v. United States*, 342 U.S. 25, 27, 96 L. Ed. 26, 72 S. Ct. 17 (1951)). Without consent, suits against the United States are subject to dismissal.

Nyamusevya's claim against the Internal Revenue Service fails right off the bat. As other courts, including the Sixth Circuit, have noted, "The IRS… is not an independently suable entity." *Purk v. United States*, 747 F. Supp. 1243 (S.D. Ohio 1989), *see also Purk v. United States*, 895 F.2d 1414 (6th Cir. 1990); *Waldmann v. IRS*, 2008 U.S. Dist. LEXIS 108142 (S.D. Ohio, Nov. 20, 2008). Since the IRS cannot be sued, Plaintiff's claim is against the IRS must fail. But even if courts in the Sixth Circuit (and elsewhere) had not decided this specific question, this Court would still be forced to dismiss Plaintiff's claim. As Defendants point out, "[t]here is no act of Congress that allows for a suit against the United States for that relief." (ECF No. 43, Page 8). While Plaintiff argues that 11 U.S.C. § 106 is such an act, his argument in favor of its applicability does not hold water.

Plaintiff maintains that the Federal Government waived its sovereign immunity for the type of claim he has brought through the passage of 11 U.S.C. § 106. That statute abrogates sovereign immunity "as to a governmental unit" to the extent set forth in the statute itself and other statutes. 11 U.S.C. § 106(a). Most relevant to this case is the abrogation contained in sections (b) and (c).

> (b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

> (c) Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any

claim against such governmental unit that is property of the estate.

Nyamusevya contends that "[b]y filing its false and fraudulent Proof of Claim in the Bankruptcy proceeding in the Case No. 2:19-bk-52868; hence, pursuant to the U. S. Congress' act and intention pursuant to 11 U. S. Code § 106(a) and § 106(b)[9]; hence, the Respondent-Defendant, USA-IRS waive the United States' sovereign immunity from the Petitioner-Plaintiffs action seeking monetary recovery in Bankruptcy proceeding." (ECF No. 47, Page 3). In support of this argument, Nyamusevya cites several other cases, the most relevant of which is *In re Price*, 130 B.R. 259 (N.D. Ill. 1991). Plaintiff argues *In re Price* settles the matter of whether the IRS is subject to the immunity waiver contained in 11 U. S. Code § 106(b) and § 106(c). He argues "[t]he Court *In re Price* 130 B.R. 259 (N.D. 111. 1991) rejected the Respondent-Defense, USA-IRS' defense of sovereign immunity, concluding that §§ 106(a) and (c) of the Bankruptcy Code reflect a waiver of that immunity by the United States. *Id*. at 993-95." (ECF No. 47, Page 7).

Plaintiff's argument cannot survive a motion to dismiss, as the waivers contained in 11 U. S. Code § 106(b) and § 106(c) do not apply to this type of case. Illustrating its inapplicability is *In re Price*, which, as Defendants point out, does not stand for what Plaintiff argues it stands for. Instead, "*Price* stands for the proposition that former 11 U.S.C. § 106(a) and (b)—now 11 U.S.C. § 106(b) and (c), respectively—waives the United States' sovereign immunity with respect to claims that are property of the estate… *Price*, 130 B.R. at 268-69. That provision is inapplicable because Mr. Nyamusevya makes no such claim here." (ECF No. 43, Page 3). Indeed, nowhere in Plaintiff's complaint or response to this motion to dismiss does he ever bring such a claim.

---

[9] While Plaintiff, cites to § 106(a) and § 106(b), revisions to the rule have resulted in the movement of the cited language from § 106(a) and § 106(b) to sections (b) and (c) respectively

His complaint against the IRS asks for only a monetary award and for this Court to "expeditiously transfer the Bankruptcy Case No. 2:19-ap-02109 to this Court for adjudication by this Court." (ECF No. 47, Page 4). As such, Plaintiff has not shown a clear waiver of the IRS' sovereign immunity. Plaintiff's suit against the IRS fails as a matter of law and must be **DISMISSED**.

Like his claim against the IRS, Defendants maintain that Plaintiff's claim against the bankruptcy court is barred because "Plaintiff also fails to identify an applicable waiver of sovereign immunity." (ECF No. 43, Page 12). Plaintiff's Response does not directly address Defendants' argument. However, he does state "this Court should not dismiss the complaint because it is clear that the Bankruptcy Court 'failed' to enter a decision in the Petitioner-Plaintiff's adversary proceeding Action Case No. 2: 19-ap-02109; hence, to date only this Court is charged to enter a decision in the Case No. 2:19-ap-02109, because the Bankruptcy Court 'failed' to enter a decision; hence, the Petitioner-Plaintiff s was denied his due process and the equal protection under the law rights by the Bankruptcy Court." (ECF No. 47, Page 4).

Plaintiff's argument cannot survive Defendants' motion to dismiss. As Defendants point out, "the United States has not waived sovereign immunity to permit Mr. Nyamusevya's suit against the Bankruptcy Court." (ECF No. 43, Page 13). Plaintiff has not pointed to such a waiver and this Court has been unable to identify one. Further, even if a waiver existed, this Court could not grant the specific relief Plaintiff requests. As mentioned above, Plaintiff asks this Court to "enter a decision" in his Bankruptcy proceeding. That is something this Court cannot do. As explained by a Bankruptcy Court for the Northern District of Ohio dealing with a similarly situated plaintiff, "to the extent that Plaintiff seeks mandamus or injunctive relief relating to the orders entered by the [Bankruptcy Court], such an action is not a proper procedural mechanism to effect

review of those orders. Moreover, such relief is not available because Plaintiff has an adequate remedy at law, namely, an appeal of the orders." *Robins v. Bankruptcy Court*, Adv. Proc. No. 08-3189, 2008 WL 3993896, *1 (Bankr. N.D. Ohio Aug. 20, 2008). Plaintiff has not shown a clear waiver of the Bankruptcy Court, Southern District of Ohio's sovereign immunity. Further, this Court cannot accord Plaintiff the relief he requests. "[I]t is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U. S. 69, 73 (1984). As such, Plaintiff's claim against the United States Federal Bankruptcy Court, Southern District of Ohio, as well as the claims against Judge Hoffman and the Internal Revenue Service, are **DISMISSED**.

### D. Conclusion

Defendant First American Financial Title Insurance Company's Motion to Dismiss (ECF No. 28), Defendant Citimortgage Inc.'s Motion to Dismiss (ECF No. 29), Defendant Franklin County Sheriff's Department, et al.'s Motion to Dismiss (ECF No. 30), Defendant Franklin County Court of Common Pleas' Motion to Dismiss for Failure to State a Claim (ECF No. 31), Defendant Padgett Law Group's Motion to Dismiss (ECF No. 38), and Defendant United States Of America's Motion to Dismiss for Lack of Jurisdiction (ECF No. 43) are all **GRANTED**. As all Defendants' have been dismissed, Plaintiff's action is **DISMISSED**. Plaintiff's motions to Show Cause (ECF No. 9), to Decline Eviction from Paid Off Entirely Real Property (ECF No. 23), for Clarification to Substantiate CitiMortgage, Inc.'s Foreclosure Judgment was Not In Rem Foreclosure Judgment With a Mention In Rem of Face, (ECF No. 24), for Clarification to Substantiate Citimortgage, Inc.'s Foreclosure Complaint was Not In Rem Foreclosure Complaint With a Mention In Rem of Face (ECF No. 25), to Permanently Block Frivolous and Unsupported Citimortgage. Inc.'s Allegations (ECF No. 26), for Objection to Citimortagage, Inc.'s 7/14/2022

Motion to Stay (ECF No. 33), for Objection to Citimortagage, Inc.'s 7/14/2022 Motion to Dismiss Second Amended Petition (ECF No. 34), for Objection to Franklin County Ohio Court of Common Pleas 07-14-22 Motion to Dismiss Complaint (ECF No. 37), "to Declare Nyamusevya as a Vexatious Litigator."  (ECF No. 39), to Stay the Lower State Trial Court's Proceedings Pending Disposition for this Case (ECF No. 41), Emergency and Unopposed Motion to Hold the Lower State Trial Court's Orders and Proceedings Void AB Initio Under 524 and Request for Fresh Start Under Rule 1001 (ECF No. 44), for Objection to and to Strike Citimortgage, Inc.'s Memorandum in Opposition to Emergency Motion to Stay the Lower State Trial Court's Proceedings (ECF No. 46) are all **DISMISSED** as **MOOT**.  The Court reserves the right to reexamine Defendant CitiMortgage's "Motion to Declare Nyamusevya as a Vexatious Litigator" pending future litigation (ECF No. 39).

      **IT IS SO ORDERED.**


**3/21/2023**                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                                   **EDMUND A. SARGUS, JR.**
                                                             **UNITED STATES DISTRICT JUDGE**